# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TEVA PHARMACEUTICALS USA, INC. and MAYNE PHARMA INTERNATIONAL PTY LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.  13-2002-GMS |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| FOREST LABORATORIES, INC. and FOREST PHARMACEUTICALS, INC., | ) ) ) | **PUBLIC VERSION** |
| Defendants. | ) ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM FOR INVALIDITY AND MOTION TO STRIKE DEFENDANTS' FOURTH AND FIFTH AFFIRMATIVE DEFENSES**

OF COUNSEL:

John S. Cipolla
Georgia Yanchar
Malisheia Douglas
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH  44114-1607
Tel.:  (216) 622-8200

Dated:  January 19, 2016
PUBLIC VERSION
Dated:  January 26, 2016
1215028 / 40539

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiffs Teva Pharmaceuticals USA, Inc. and Mayne Pharma International Pty Ltd.*

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................ 1

II.   PLAINTIFFS' AMENDED COMPLAINT DID NOT EXPAND THE
      SCOPE OF THE CASE .............................................................................................. 1

III.  THERE ARE NO FACTUAL ALLEGATIONS SUPPORTING A
      COUNTERCLAIM FOR INVALIDITY UNDER SECTIONS 101 OR 102
      OF THE PATENT ACT .............................................................................................. 4

IV.   PLAINTIFFS WERE NOT ON NOTICE THAT FOREST PHARMA WAS
      A LIKELY DEFENDANT UNTIL FOREST SUBMITTED ITS
      SUPPLEMENTAL RESPONSE TO INTERROGATORY 21 ............................................. 7

V.    CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Bilski v. Kappos,*
  561 U.S. 593 (2010)...........................................................................................................4

*Fausset v. Mortgage First,*
  2010 U.S. Dist. LEXIS 28222 (N.D. Ind. Mar. 23, 2010).........................................2

*Hydro Engineering, Inc. v. Petter Investments, Inc.,*
  No. 2:11-cv-139-RJS-EJF, 2013 WL 1194732 (D. Utah Mar. 22, 2013) ...................2

*Idenix Pharms., Inc. v. Gilead Scis., Inc.,*
  C.A. No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789 (D. Del. July 31, 2014) .....................5

*Leggett v. Powers,*
  C.A. No. 09-0558-JDB, 2009 WL 4032664  (D.D.C. Nov. 20, 2009).......................2

*Marksbury v. Elder,*
  o. 5:09-cv-24-REW, 2011 WL 1832883 (E.D. Ky. May 12, 2011) ..........................2

*Medpace, Inc. v. Biothera, Inc.,*
  No. 1:12-cv-179, 2013 WL 5937040 (S.D. Ohio Nov. 4, 2013)................................2

*Sirona Dental Sys. v. Dental Imaging Techs. Corp.,*
  C.A. No. 10-228-GMS, 2012 U.S. Dist. LEXIS 128441
  (D. Del. Sept. 10, 2012) ............................................................................................4

*Tralon Corp. v. Cedarapids, Inc.,*
  966 F. Supp. 812 (N.D. Iowa 1997)..........................................................................2

*Uniroyal Chem. Co. v. Syngenta Crop Prot., Inc.,*
  No. 3:02-CV-02253 (AHN), 2005 WL 677806 (D. Conn. Mar. 23, 2005)................2

**Statutes**

35 U.S.C. § 101..........................................................................................................*passim*

35 U.S.C. § 102..........................................................................................................*passim*

35 U.S.C. § 112.................................................................................................... 1, 4, 7

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................. 1, 7

Fed. R. Civ. P. 15(a)(2).................................................................................................. 3

## I.    INTRODUCTION

Defendants Forest Labs' and Forest Pharma's (collectively "Forest") new counterclaims and affirmative defenses—in particular, those related to invalidity under 35 U.S.C. Sections 101 and 102—are untimely, and further, the counterclaim under sections 101 and 102[1] is insufficiently pleaded.  This case is too far along to add completely new issues without prejudicing Plaintiffs and unduly delaying the litigation.  Further, Plaintiffs' amended complaint added *nothing* to warrant introducing new issues under sections 101 and 102.  Forest makes *no* claim as to why adding Forest Pharma—a wholly owned subsidiary of Forest Labs—justifies these new claims.  Indeed, the two defendants brought these new claims jointly, and none of the new claims uniquely apply to the new defendant, Forest Pharma.  It is apparent that the two defendants' interests are aligned in this case, thus, merely adding Forest Pharma as a new defendant did nothing to expand the scope of this case.  Accordingly, Forest's counterclaim for invalidity under sections 101 and 102  should be dismissed and its affirmative defenses under sections 101 and 102 should be struck.

## II.    PLAINTIFFS' AMENDED COMPLAINT DID NOT EXPAND THE SCOPE OF THE CASE

Forest spends a large portion of its opposition arguing that Plaintiffs' amended complaint broadened the scope of this case by adding Forest Pharma as a party.  Indeed, Forest cites six cases allegedly holding that "[a]dding a new defendant changes the theory or scope of the case." *See* Opp'n Br. pg. 8.  Yet, none of these cases actually hold that a party expanded the scope of a

---

[1] Forest is unclear whether it asserts a counterclaim for invalidity under section 102.  In its amended answer, Forest asserts that the '000 patent is invalid under the Patent Act "including but not limited to §§ 101 and 112."  In the interest of clarity, this brief assumes that Forest is asserting an invalidity counterclaim under section 102.  To the extent that Forest's counterclaim asserts invalidity under section 102, Plaintiffs respectfully request that it be dismissed under Rule 12(b)(6) for the reasons set forth in Plaintiffs' opening and reply briefs.

case by *solely adding a new defendant*. Rather, the courts in five of the six cases held that the amended complaint expanded the scope of the case by *adding new claims*[2]: *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997) ("[T]he Second Amended Complaint here greatly expands both the factual allegations made by plaintiffs against Cedarapids as well as the scope of those claims."); *Uniroyal Chem. Co. v. Syngenta Crop Prot., Inc.*, No. 3:02-CV-02253 (AHN), 2005 WL 677806, at *8 (D. Conn. Mar. 23, 2005) ("In the instant case, Uniroyal added two new theories of recovery in its amended complaint."); *Medpace, Inc. v. Biothera, Inc.*, No. 1:12-cv-179, 2013 WL 5937040, at *5 (S.D. Ohio Nov. 4, 2013) ("Medpace added a new [fraud] claim."); *Hydro Engineering, Inc. v. Petter Investments, Inc.*, No. 2:11-cv-139-RJS-EJF, 2013 WL 1194732, at *3 (D. Utah Mar. 22, 2013) ("Hydro's Third Amended Complaint adds new claims against Petter for tortious interference with contractual relations, civil conspiracy, and fraud, in addition to requests for punitive or exemplary damages, thereby expanding the scope and theory of this case."); and *Leggett v. Powers*, C.A. No. 09-0558-JDB, 2009 WL 4032664, at *1 n.1 (D.D.C. Nov. 20, 2009) ("[Plaintiff] is attempting at this late stage of the proceedings to add a new claim.")

Further, Forest even provides statements from the courts in its parenthetical quotes clearly showing that these cases included newly added claims in addition to new defendants. *See* Opp'n Br. pg. 8. Simply adding a party without adding any new substantive factual allegations or new theories of relief does not expand the scope of the case. *See e.g., Fausset v. Mortgage First*, 2010 U.S. Dist. LEXIS 28222, at *12 (N.D. Ind. Mar. 23, 2010) ("[T]he amendment made in Plaintiffs' Second Amended Complaint only added . . . a party-defendant in this matter and

---

[2] *Marksbury v. Elder*, No. 5:09-cv-24-REW, 2011 WL 1832883, at *7 (E.D. Ky. May 12, 2011), is inapposite as it deals with whether a *pro se* plaintiff's amended complaint—adding a new defendant—related back to the initial complaint for purposes of a statute of limitations analysis.

2

did not extend the scope of the case or change the theories of recovery. . . . Accordingly, Defendant should have sought leave of Court prior to filing its Second Affirmative Defense in its Answer to Plaintiffs' Second Amended Complaint.")

In addition, Forest argues that its section 102 affirmative defense "is proper given the nature of Plaintiffs' contentions since this Court issued its July 7, 2015 claim construction order." Opp'n Br. pg. 9. Yet, once again, Forest cannot support this legal theory. It fails to provide a single case holding that a party can amend its answer and counterclaims without leave based on arguments the opposing party "appears to be attempting" in the middle of litigation. If anything, this statement reveals what really prompted these new claims: Forest has developed a new legal argument that it failed to raise in its initial answer. However, the law requires that Forest obtain leave of the court to amend its answer for this reason, which it failed to do. *See* Fed. R. Civ. P. 15 (a)(2).

In short, Forest's new section 101 counterclaim and sections 101 and 102 affirmative defenses are untimely[3], and should be struck for not obtaining leave from this Court. There is no support for the proposition that Plaintiffs expanded the scope of this case by adding Forest Pharma as a new defendant. As seen in Forest's joint amended answer, Forest Pharma's legal interests are aligned with Forest Labs'—the answer, counterclaims, and affirmative defenses are jointly pleaded with no affirmative defenses or counterclaims unique to one party. Forest has

---

[3] ████████████████████████████████████████████████████████████████

3

merely used a ministerial amendment as a pretext to adding new claims and defenses under sections 101 and 102, which it failed to plead at the proper time.

As this Court reasoned in *Sirona Dental Sys. v. Dental Imaging Techs. Corp.*, C.A. No. 10-228-GMS, 2012 U.S. Dist. LEXIS 128441, at *8 n. 3, *13-14 (D. Del. Sept. 10, 2012), these untimely defenses and claims will "deter its ability to manage litigation," and allowing them "would throw the door open to entirely new claims and defenses each time a ministerial amendment was made to a pleading." Accordingly, Forest's new defenses under sections 101 and 102 should be struck.

**III.   THERE ARE NO FACTUAL ALLEGATIONS SUPPORTING A COUNTERCLAIM FOR INVALIDITY UNDER SECTIONS 101 OR 102 OF THE PATENT ACT**

In addition to being untimely and procedurally improper, Forest's Counterclaim for Invalidity should be dismissed insofar as it attempts to seek a declaratory judgment of invalidity under Sections 101 or 102 of the Patent Act. Forest's pleading is devoid of any facts whatsoever to support such claims.

Forest points to 14 allegations in its amended answer, at least some of them supposedly supporting its section 101 counterclaim for invalidity for "lack of patentable subject matter." *See* Opp'n Br. pp. 2-4. However, none of them allege anything related to whether a claim is directed to patentable subject matter—most of them mischaracterize the inventors' deposition testimony purportedly in support of Forest's counterclaims related to section 112.

The Patent Act "authorizes four categories of subject matter that may be patented: processes, machines, manufactures, and compositions of matter." *Bilski v. Kappos*, 561 U.S. 593, 621 (2010). Nowhere in Forest's amended answer does it claim or even allude to the '000 patent being directed to ineligible subject matter. Nor does Forest clarify in its opposition brief where or how any of its allegations support a section 101 defense for lack of ineligible subject

4

matter. This counterclaim is precisely the type of "bare-bones legal conclusion[]" advised against in *Idenix Pharms., Inc. v. Gilead Scis., Inc.*, C.A. No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789, at *20 (D. Del. July 31, 2014).

Not only do Forest's allegations recited in its opposition brief fail to support an invalidity claim for lack of patentable subject matter, but they also mischaracterize the inventors' testimony. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

However, the testimony does not support, and often contradicts, these assertions.

████████████████████████████████████████

██████████████████████████████████████████

████████████████████

█████████████████████████████████████

███████████████████████████████

██████████████████████

████████████████

██████████████████████████████████

███████████████████████████████

███████████████████████████

████████████

████████████████████████████████████████

████████████████████████████████████

5



6

Forest's misleading characterizations, even when taken as true, cannot plausibly support a section 101 invalidity claim for ineligible subject matter. Thus, the bare-bones claim should be dismissed under Rule 12(b)(6).

Forest does not limit its invalidity counterclaim to sections 101 and 112 in its amended answer. *See* Def.'s Answer and Countercls. to First Am. Compl. ¶ 133, D.I. 108. Its Fourth Affirmative Defense alleges that the '000 patent is invalid "as anticipated by prior art disclosing the use of dextromethorphan and/or CPP to diminish or abolish wind-up, as that term has been construed by the Court." *See id.* at pg. 6. Yet, other than that conclusory statement, Forest fails to provide any allegations that support a section 102 invalidity counterclaim. Neither does Forest argue in its opposition brief that its amended answer supports a section 102 invalidity counterclaim. Instead, Forest states: "Defendants have more than 'plausibly' stated a counterclaim for invalidity under §§ 101 and 112." Def.'s Opp'n Br. Pg. 6. Since Forest does not even attempt to argue that it has properly plead facts to support a counterclaim for invalidity under section 102, the counterclaim should be dismissed insofar as it relates to such a claim.

In sum, Forest's counterclaim for invalidity it untimely and improper. In addition, to the extent that it attempts to seek a declaration of invalidity under Sections 101 or 102 of the Patent Act, Forest's Counterclaim for Invalidity is not adequately plead. As such, Plaintiffs respectfully request that Forest's Counterclaim for Invalidity be dismissed.

## IV. PLAINTIFFS WERE NOT ON NOTICE THAT FOREST PHARMA WAS A LIKELY DEFENDANT UNTIL FOREST SUBMITTED ITS SUPPLEMENTAL RESPONSE TO INTERROGATORY 21

Forest points solely

7

to the prescribing information for Namenda XR® to support its assertion that Plaintiffs should have known that Forest Pharma infringed at the outset of this litigation.  *See* Opp'n Br. pg. 2.  In its opposition brief, Forest states: "This information indicated that the accused product was manufactured for Forest Pharma." *Id.*  The prescribing information contains a *vague* reference that Namenda XR® is "Manufactured for: Forest Pharmaceuticals, Inc."  Yet, this reference does not explicitly implicate Forest Pharma as an infringer, as Forest seems to imply.

Further, Forest Labs' actions and statements led Plaintiffs to believe it was the only infringer.  The following facts contradict the vague Forest Pharmaceuticals reference in the prescribing information:

- ████████████████████████████

- In its initial answer, Forest Labs did not assert as an affirmative defense that it does not make, use, offer to sell, sell and/or import Namenda XR®. *See* Def.'s Answer, D.I. 9;

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████

- ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

- Forest Labs claimed that it was "the exclusive distributor of Namenda XR® in the United States" in a patent infringement action it filed on October 3, 2014 against Amerigan Pharmaceuticals (Case No. 1:14-cv-01271-LPS). *See* Ex. E (Amerigan Compl. ¶ 20).

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

█████████████████ After receiving this information, Plaintiffs promptly obtained leave from this Court (and Forest Labs) to amend their complaint to add Forest Pharma as a defendant, *adding nothing else of substance.* Accordingly, contrary to Forest's assertion, Plaintiffs' timing

in amending their complaint does *not* justify Forest's delay in amending its answer to add new defenses.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs Teva Pharmaceuticals USA, Inc. and Mayne Pharma International Pty Ltd. respectfully request that this Court dismiss with prejudice Defendants Forest Laboratories, Inc.'s and Forest Pharmaceuticals, Inc.'s counterclaim for declaratory judgment of invalidity of the '000 patent under 35 U.S.C. Sections 101 and 102[4] (Count II) and strike Forest Laboratories, Inc.'s and Forest Pharmaceuticals[5], Inc.'s 4th and 5th affirmative defenses with prejudice.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>OF COUNSEL:</td><td>POTTER ANDERSON & CORROON LLP</td></tr>
<tr><td>John S. Cipolla<br>Georgia Yanchar<br>Malisheia Douglas<br>CALFEE, HALTER & GRISWOLD LLP<br>The Calfee Building<br>1405 East Sixth Street<br>Cleveland, OH  44114-1607<br>Tel.:  (216) 622-8200</td><td>By:  /s/ Bindu A. Palapura<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Stephanie E. O'Byrne (#4446)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE  19801<br>Tel:  (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>sobyrne@potteranderson.com</td></tr>
<tr><td>Dated:  January 19, 2016<br>PUBLIC VERSION<br>Dated:  January 26, 2015<br>1215028 / 40539</td><td></td></tr>
<tr><td></td><td>*Attorneys for Plaintiffs Teva Pharmaceuticals USA, Inc. and Mayne Pharma International Pty Ltd.*</td></tr>
</table>

---

[4] *See supra*, note 1.

[5] In the conclusion of Plaintiffs' opening brief, it mistakenly omitted Forest Pharmaceuticals, Inc. when asking this Court to strike Defendants' 4th and 5th affirmative defenses with prejudice.  As made clear in the opening brief's headings IV(B), IV(B)(1), and the opening brief's title, Plaintiffs respectfully request that the Court strike the 4th and 5th affirmative defenses on behalf of *both* defendants.

10